Gheen, J.
delivered the opinion of the court.
The records in this case shows the following state of facts. At April term, 1842, administration on the estate of Willian L. Wilson was granted to Landon C. Hoss, by the county court of Washington county. At the' May term thereafter, David J. Wilson, the plaintiff in error, presented his petition to said court, stating that he was the next of kin to the deceased, William L. Wilson; that said Hoss was not of kin to the deceased, nor a creditor of his estate, and praying that the letters of administration granted to Hoss be recalled, and that administration be granted to the petitioner.
Hoss, the administrator, came into court and stated that he had accepted the administration upon a mutual agreement between the parties, and that he was willing to resign the office if it affected their interests.
*144 There was no evidence offered of the truth of the facts stated in the petition; and it does not appear, otherwise than by-said petition, that the plaintiff in error is next of kin of the deceased.
The county court refused the application, "and a .bill of 'exceptions embodying the above facts was sealed, and an appeal was granted to the circuit court. In the circuit court the cause came on upon the facts stated in the bill of exceptions only, and the court affirmed the judgment of the county court. From this judgment an appeal in error is prosecuted to this court.
We do not doubt but that letters of administration improvidently granted to a person not entitled thereto, may be recalled by the county court upon the application of the next of kin and citation of such administrator. In this case there was no citation, though the appearance of Hoss in court, and the submission of the matter to the court was a waiver of the necessity therefor. But the county court having granted administration, prima facie, the person to whom it was granted was entitled thereto. The court should not have removed the administrator and recalled his letters without evidence that he was not entitled to the administration, and that the applicant was. We do not think the petition of the party applying was to be regarded as evidence of the facts it contained. Its only office was to initiate the proceedings in court, and to induce the issuance of a citation. When the cause came on the facts necessary to induce the court to act should have been made appear by other proof. None having been offered, the court was right in refusing the application; of course the judgment of the circuit court was correct. Let the judgment be affirmed.